UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: JOHN ALBERT UPTON,<br>    Debtor.<br><br>UPTON CREDITORS, LLC,<br><br>    Appellant,<br><br>    v.<br><br>MHR INSTITUTIONAL PARTNERS III,<br>et al.,<br><br>    Appellees. | §<br>§<br>§  Bankruptcy Case No. 11-34019-BJH-7<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:14-CV-03728-L<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Appellant Upton Creditors, LLC ("Upton Creditors") appeals the bankruptcy court's Order on Amended Motion for Interpretation of Order Approving the Sale of Certain Assets Pursuant to Bankruptcy Code Section 363, signed July 31, 2014 (Bankruptcy Docket No. 142) (the "Interpretation Order"). Having considered the opening, response, and reply briefs, the designated record on appeal submitted by the parties, the bankruptcy court's orders, applicable law, and for the reasons stated below, the court **affirms** the bankruptcy court's ruling of July 31, 2014.

**I.    Background**

On May 7, 2010, MHR Institutional Partners III LP, MHR Capital Partners (100) LP, MHR Capital Partners Master Account LP, and IP III UE LP ("MHR" or "MHR Appellees") loaned approximately $22 million to Uptex Energy LLC ("Uptex Energy"), a Texas oil and gas company founded by Debtor John Albert Upton ("Debtor" or "Upton"). R. 843, 1220. The loan was secured

**Memorandum Opinion and Order - Page 1**

by Uptex Energy's assets. After Uptex Energy defaulted on its obligation to repay the loan, among other actions, MHR exercised its remedies under the loan agreement and acquired a majority of the equity in Uptex Energy, ultimately resulting in Debtor's resignation from the company.

    A.    *Chapter 7 Voluntary Bankruptcy Petition*

On June 21, 2010, Debtor filed a Chapter 7 Voluntary Petition in Bankruptcy. *See In re John Albert Upton*, United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Cause No. 11-34019-bjh-7. R. 49-168. In the schedules listing his assets, Debtor did not include as personal property any actual or potential causes of action. On July 20, 2011, August 30, 2011, and October 3, 2011, the meetings of creditors took place as required under Section 341 of the Bankruptcy Code, 11 U.S.C. § 341(a) (the "341 meetings"). R. 310-60; 429-36, 538-82. In June 2012, Debtor filed an amended schedule of assets. R. 189-99. In the amended schedule of assets, Debtor disclosed other personal property as including "causes of action relating to wrongful foreclosure of Debtor's interest in Uptex entities; cause of action against Drake and Cooper for breach of fiduciary duty; cause of action against Noberto Guillen & Noberto Guillen, Inc. for gross negligence; cause of action against Jeremy Bronfman for breach of contract." R. 197.[1]

---

[1] By way of further background, on November 17, 2011, Uptex Energy filed a "Complaint Objecting to Dischargeability." Adversary Proceeding No. 11-03612-bjh. Objecting to the discharge, Uptex Energy alleged that Debtor breached his fiduciary duty by defrauding the company and its first lien priority creditor, MHR, by, among other things, using the cash infusion from MHR's loan for his own benefit by purchasing new cars, new furniture, presents for his girlfriend, and writing checks from the company's account to other companies he controlled. R. 1219-35. On February 6, 2012, the parties filed an Agreed Order Approving Stipulated Judgment in Settlement of Complaint to Determine Dischargeability of Debt. R. 1916-18. On February 9, 2010, the bankruptcy court granted judgment against Debtor and in favor of Uptex Energy in the principal amount of $467,259.87, and ruled that the judgment amount was a nondischargeable debt. R. 1920-21.

B. *The Bankruptcy Court's Sale Order*

On July 26, 2012, the bankruptcy court signed an Order Approving the Sale of Certain Assets Pursuant to Bankruptcy Code Section 363 (the "Sale Order"). R. 420-24. The Sale Order states that the Trustee is authorized to sell the estate's interest in assets specified in Exhibit A, attached to the Sale Order, to "Rex Nichols Joint Venture," or its designee, in exchange for $20,000 in cash. *Id.* Exhibit A states that the sale property includes:

> 13. All disclosed other contingent and unliquidated claims of every nature, including, without limitation: counterclaims of the Debtor; rights to setoff claims; all causes of action related to wrongful foreclosure of debtor's interest in Uptex entities; cause of action against Drake and Cooper for breach of fiduciary duty; and cause of action against Noberto Guillen and Noberto Guillen, Inc. for gross negligence.

R. 424. Rex Nichols Joint Venture did not enter into an assignment agreement with the Trustee at the time. Nearly a year after the sale, on April 30, 2013, the Trustee entered into an Assignment and Bill of Sale with Upton Creditors, acting as designee of Rex Nichols Joint Venture. R. 425-26.

C. *The State Court Lawsuit and Amended Motion for Interpretation of Sale Order*

On April 25, 2014, Upton Creditors filed suit in state court against MHR, Uptex Energy, Uptex Energy's officers Floyd Donald Drake III ("Drake") and Dee Cooper ("Cooper"), and various other individuals and entities, related to alleged misappropriation of oil and gas assets. *See Upton Creditors, LLC v. MHR Institutional Partners III LP, et al.*, Cause No DC-14-04498, Plaintiff's Original Petition (the "State Court Lawsuit"). R. 393-418.[2] Upton Creditors alleged that "Defendants used Uptex [Energy]'s debt to MHR as an excuse to misappropriate the entire value of

---

[2] On May 6, 2013, a similar lawsuit was filed on behalf of a plaintiff named "Uptex Creditor, LLC" against Uptex Energy and MHR in the 14th Judicial District Court in Dallas County, Texas, seeking to assert claims on behalf of Upton. R. 365-89. On March 19, 2014, the court entered a final judgment dismissing claims asserted by Uptex Creditors without prejudice. R. 391.

**Memorandum Opinion and Order - Page 3**

Uptex Assets." R. 403. Based on these and similar allegations, Upton Creditors asserted claims against Defendants for, among other things, minority shareholder oppression, fraudulent transfer, fraud by nondisclosure, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conspiracy and aiding and abetting, and breach of fiduciary duty. R. 393-418.

The same day it filed the State Court Lawsuit, Upton Creditors filed an Motion for Interpretation of Order Approving the Sale of Certain Assets Pursuant to Bankruptcy Code Section 363, later amended (the "Amended Motion for Interpretation"). Specifically, Upton Creditors sought a ruling from the bankruptcy court that the various claims it had asserted in the State Court Lawsuit were included in the assets the Trustee sold to Rex Nichols Joint Venture under the Sale Order, and ultimately assigned to designee Upton Creditors. R. 209-10. More specifically, Upton Creditors requested that the bankruptcy court interpret the Sale Order to include the "Claims," as follows:

> claims and causes of action against [MHR], Mark Rosenberg, Michael Neruda, [Uptex Energy], Apex Nnatural Resources LLC d/b/a Dominion Natural Resources LLC, [Drake, and Cooper] related to the alleged wrongful disclosure of the Uptex entities' oil and gas assets, including claims for breach of fiduciary duty, minority-shareholder oppression, fraudulent transfer, fraud, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and conspiracy (collectively, the "Claims").

R. 10 (herinafter, the "Claims").

Uptex Energy and MHR opposed the Amended Motion for Interpretation, requesting that the bankruptcy court find that the Claims were not "disclosed" claims and, therefore, were not included in the causes of action sold by the Trustee and transferred to the purchaser pursuant to the Sale Order. R. 279-83, 284-308.

   D.     *The Bankruptcy Court's Hearing and Interpretation Order*

On June 30, 2014, the bankruptcy court held a hearing on Upton Creditor's Amended Motion for Interpretation. R. 888-942. At the hearing, the bankruptcy judge succinctly summarized the issue presented: "[W]hat is before me is a request that I interpret a prior order of the Court authorizing the sale of certain assets to [Movant Upton Creditors]." R. 937. Critical of counsel for Upton Creditor's argument that the Claims were part of the bundle of assets sold by the Trustee pursuant to the Sale Order even though not disclosed in the Debtor's amended schedule of assets, the bankruptcy judge reasoned:

> The issue to me is creditors are entitled to know and understand what the Trustee is selling. When the Trustee filed a sale motion that says he was going to sell disclosed causes of action, the place creditors would go to understand what was disclosed and thus what was being sold is the schedules. That's the only place they would know to look.

R. 939. The bankruptcy judge also noted that her Sale Order sold only "disclosed" claims, which under *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999), meant "scheduled." R. 938. Specifically, she stated:

> So from the Court's perspective, when we talk about disclosed assets being sold, we are talking about some place where a creditor has easy access to identify and understand what is being sold. The Fifth Circuit has followed that interpretation in the *Coastal Plains* case when it says, and I'm quoting, "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an affirmative duty to disclose all assets, including contingent and unliquidated claims," referencing 11 U.S.C., Section 521 of the Bankruptcy Code, which is the provision of the Code that requires debtors to file schedules of assets and liabilities in the case.

R. 939.

On July 31, 2014, the bankruptcy court issued its decision, ruling that, other than the cause of action against Drake and Cooper for breach of fiduciary duty, the Debtor did not disclose the

Claims in his bankruptcy schedules, and thus they were not sold by the Trustee pursuant to the Sale Order. R. 9-12. Specifically, the bankruptcy court stated:

> Having considered the Motion, all responsive pleadings, the Sale Order, the evidence admitted into the record, and the relevant legal principles, the Court makes the following order with respect to the proper interpretation of the Sale Order with respect to the claims that were sold to Upton Creditors, LLC in paragraph 13 of Exhibit A of the Sale Order: The causes of action that were "disclosed" were the causes of action related to the wrongful foreclosure of Debtor's interest in Uptex entities; cause of action against Drake and Cooper for breach of fiduciary duty; cause of action against Noberto Guillen and Noberto Guillen, Inc., for gross negligence; and cause of action against Jeremy Bronfman for breach of contract. These are the causes of action that Upton Creditors, LLC purchased under authority granted in the Sale Order. The Sale Order did not include the sale of the Claims that are the subject of this Motion. If there are other causes of action that the estate owns that were not disclosed by the Debtor but that the Trustee has become aware of, then the Trustee will be at liberty to sell or prosecute those other causes of action, but he did not sell them pursuant to the [Trustee's Motion to Sell Property of the Debtor Subject to All Liens, Claims and Encumbrances or Alternatively Application to Abandon].

R. 11. Following its decision, the bankruptcy court authorized the Trustee to sell the estate's remaining assets, including the Claims (other than the breach of fiduciary duty claim against Drake and Cooper, which had been disclosed in the schedules and, therefore, sold by the Trustee under the Sale Order) through a competitive process. R. 1043. MHR was the successful bidder and purchased the remaining assets owned by the Debtor's estate. On September 26, 2014, the bankruptcy court approved the sale. R. 1141.

Upton Creditors filed a timely notice of appeal of the bankruptcy court's Interpretation Order. The issues have been briefed, and the matter is ripe for adjudication.

## II.     Standard of Review

Final judgments, orders, and decrees of a bankruptcy court may be appealed to a federal district court. 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001(a). On appeal, this court may affirm,

modify, or reverse the bankruptcy court's judgment, order, or decree, or remand the matter at issue with instructions to the bankruptcy court to conduct further proceedings. Fed. R. Bankr. P. 8013. In reviewing the bankruptcy court's decisions, the district court functions as an appellate court and applies the same standards of review used by federal appellate courts when reviewing the decisions of district courts. *Webb v. Reserve Life Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103-04 (5th Cir. 1992). A bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed *de novo*. *See Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003). A finding of fact is clearly erroneous when, although there is evidence to support it, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The bankruptcy judge's opportunity to make first-hand credibility determinations entitles its assessment of the evidence to deference. *Id.*

A reviewing court should give deference to a bankruptcy court's interpretation of its own orders. *See, e.g., Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 n.4 (2009) ("Numerous Courts of Appeals have held that a bankruptcy court's interpretation of its own confirmation order is entitled to substantial deference."); *Baker Hughes Oilfield Operations, Inc. v. Summerline Asset Mgmt., LLC (In re S. Tex. Oil Co.)*, 434 B.R. 435, 442 (Bankr. W.D. Tex. 2010) ("[A] bankruptcy court's interpretation of its own orders is entitled to deference.") (citation omitted).

### III. Analysis

The parties differ on the standard of review to be applied in this case. Upton Creditors argues that because the bankruptcy court relied on its legal interpretation of case law in arriving at its decision in the Interpretation Order, the standard of review should be de novo. In contrast, Appellees

**Memorandum Opinion and Order - Page 7**

contend that the bankruptcy judge was interpreting her own prior Sale Order, and, therefore, her decision should be afforded deference and reviewed under an abuse of discretion standard.

While normally a bankruptcy judge's interpretation of her prior orders is to be afforded deference and reviewed under an abuse of discretion standard, *see Bailey*, *supra*, in this instance the bankruptcy judge, in reaching her decision, did more than just interpret the language of the Sale Order. As Upton Creditors correctly notes, she also referred to specific case law and interpreted provisions of the Bankruptcy Code concerning scheduling requirements. *See* R. 9-12 (Interpretation Order); R. 888-942 (Hr'g Tr.). Accordingly, out of abundance of caution and in the interest of fairness, the court will conduct a de novo review of the bankruptcy court's decision, as urged by Appellant Upton Creditors.

 A. *The Parties' Arguments*

Appellant Upton Creditors contends the bankruptcy court committed reversible error in holding that the Claims had not been disclosed and, accordingly, were not included in the Trustee's sale of assets under the Sale Order. In support, Upton Creditors first argues that the bankruptcy court erred in relying on *In re Coastal Plains*, *supra*, in finding that Debtor's claims were not disclosed because they were not listed in his schedule of assets. Second, Upton Creditors argues that, even assuming the bankruptcy court correctly relied on *In re Coastal Plains*, *supra*, Debtor sufficiently disclosed his assets in both his amended schedules and at the 341 meetings. Debtor further argues that because the bankruptcy court's Interpretation Order is legally incorrect, the court should reverse the bankruptcy court's decision, find that the Claims were sold to Upton Creditors under the terms of the Sale Order, and thereby allow Upton Creditors to pursue the Claims in state court.

Appellees Uptex Energy and MHR contend that the bankruptcy court correctly applied the law to the facts to conclude that because Debtor never disclosed the Claims in his schedules or even in the 541 Meetings, the Claims were never sold to Upton Creditors under the Sale Order.

B.   *Discussion*

Having reviewed the entirety of the bankruptcy record and conducted a de novo review, the court concludes that the bankruptcy court did not commit reversible error. First, the record shows that Debtor failed to include the Claims in his amended schedule of assets. As already stated, in his June 2012 amended schedule of assets, Debtor disclosed other personal property as including "causes of action relating to wrongful foreclosure of Debtor's interest in Uptex entities; cause of action against Drake and Cooper for breach of fiduciary duty; cause of action against Noberto Guillen & Noberto Guillen, Inc. for gross negligence; cause of action against Jeremy Bronfman for breach of contract." R. 197.

The Sale Order states that the Trustee is authorized to sell the estate's interest in assets specified in Exhibit A, attached to the Sale Order, to "Rex Nichols Joint Venture," or its designee, described as:

> 13.   All *disclosed* other contingent and unliquidated claims of every nature, including, without limitation: counterclaims of the Debtor; rights to setoff claims; all causes of action related to wrongful foreclosure of debtor's interest in Uptex entities; cause of action against Drake and Cooper for breach of fiduciary duty; and cause of action against Noberto Guillen and Noberto Guillen, Inc. for gross negligence.

R. 424 (emphasis added).

In the Amended Motion for Interpretation, with the exception of the cause of action against Drake and Cooper (which the bankruptcy court found was included in the Sale Order), Upton

Creditors asked the bankruptcy court to interpret the Sale Order to include the Claims (as defined above, *supra* at 4), which were never disclosed in his schedules, and not listed in paragraph 13 of Exhibit A of the Sale Order.

In *In re Coastal Plains*, relied upon by the bankruptcy court in concluding that the Claims were not sold, as they were never disclosed and thus not included in the Sale Order, the Fifth Circuit stated unequivocally:

> It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. 11 U.S.C. § 521(1) ("The debtor shall-(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs"). "The duty of disclosure in a bankruptcy proceeding is a continuing one and a debtor is required to disclose all potential causes of action." *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F. Supp. 859, 867 (E.D. Tex. 1996).

*In re Coastal Plains*, 179 F.3d 197, 207 (5th Cir. 1999). The court further stated: "Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure duty cannot be overemphasized." *Id.* As explained by the court in *Coastal Plains*, the bankruptcy schedules are a method of disclosing assets upon which "all creditors rely." *Id.* (citation omitted).

Here, the Debtor scheduled several potential causes of action, to wit: "[c]auses of action relating to wrongful foreclosure of Debtor's interest in Uptex entities; cause of action against Drake and Cooper for breach of fiduciary duty; cause of action against Noberto Guillen & Noberto Guillen, Inc. for gross negligence; cause of action against Jeremy Bronfman for breach of contract." R. 197. The Claims do not include any of these scheduled causes of action. As a result, the description in the schedules was not specific enough to notify the Trustee that the Debtor could potentially assert the

Claims. Further, the bankruptcy court was explicit in the Sale Order that the trustee was only authorized to sell "disclosed" assets. *See* R. 424.[3] Under these facts, and in light of Fifth Circuit case law requiring a Debtor to disclose even potential causes of action in his schedules under Section 521 of the Bankruptcy Code, the court determines that the bankruptcy court did not err in its interpretation of the Sale Order

In addition, as Appellee MHR correctly notes, while Upton Creditors is correct that *Coastal Plains* does not mandate a particularized level of disclosure required on a schedule to meet the requirement that a cause of action is scheduled, in this instance, Upton Creditors is seeking to pursue claims that were not disclosed in any way, particularly or otherwise. *See* Resp. Br. of MHR at 26-27. In short, Upton Creditors is attempting to assert claims in the State Court Lawsuit that are materially different from the causes of action sold under the Sale Order.

Finally, the court finds unavailing Upton Creditor's attempt to distinguish *Coastal Plains* and to argue that the bankruptcy court committed reversible error by citing to the case during the hearing on the Amended Motion for Interpretation. As Appellee Uptex Energy correctly argues:

> Appellant seeks to distinguish *Coastal Plains* because it involved what appeared to be intentional non-disclosure. Appellants's Brief at 23. However, this is a distinction without a difference. The bankruptcy court relied on *Coastal* for what should be an uncontroversial position—that "disclosed means scheduled" in the bankruptcy context. [R. 938]. The sale order authorized the trustee to sell disclosed causes of action and that is what the Trustee sold. The causes of action that Appellant

---

[3] The court rejects Upton Creditor's argument that the bankruptcy court's construction of the word "disclosed"— as used in paragraph 13 of Exhibit A to the Sale Order— to mean those claims disclosed in Debtor's schedules somehow render the Sale Order internally inconsistent. As MHR correctly notes, Upton Creditor's argument "ignores that the term 'disclosed' modifies 'claims of every nature, without limitation.'" Resp. Br. of MHR at 24. Following a de novo review, the court agrees with MHR that in her Interpretation Order, the bankruptcy judge "sought to give meaning to every word that was used, and such an interpretation does not render the Sale Order inconsistent in any way." *See id.*

**Memorandum Opinion and Order - Page 11**

is asserting in the state court lawsuit were not disclosed, and therefore, not sold. It is that simple.

Appellee Uptex Energy LLC's Resp. Br. at 19.[4]

## IV.   Conclusion

For the reasons herein stated and after conducting a de novo review of the bankruptcy court's decision, the court **affirms** the bankruptcy court's Order on Amended Motion for Interpretation of Order Approving the Sale of Certain Assets Pursuant to Bankruptcy Code Section 363, signed July 31, 2014. Pursuant to Rule 8014 of the Federal Rules of Bankruptcy Procedure, costs of this appeal are taxed against Appellant Upton Creditors and in favor of Appellees. Further, pursuant to the Federal Rule of Bankruptcy Procedure 8016(a), the court **directs** the clerk of court to prepare, sign, and enter judgment once she receives a copy of this Memorandum Opinion and Order.

**It is so ordered** this 15th day of January, 2016.

Sam A. Lindsay
United States District Judge

---

[4] The court also rejects Upton Creditor's argument that testimony from the 341 meetings cures the lack of adequate disclosure in the Debtor's schedules. Even assuming that the 341 meetings could constitute sufficient notice, the court has reviewed the record and concludes that the Trustee was never provided information of the legal theories that Upton Creditors is attempting to pursue in the State Court Lawsuit. *See* R. 310-60, 429-536, 538-882. Furthermore, Upton Creditors relies on inapposite cases, as none of them involves asset sales where the duty of disclosure takes on added importance.

**Memorandum Opinion and Order - Page 12**